UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMOND MIMMS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DARRYL ADAMS,<br><br>　　　　　Respondent. | 1:09-cv—01698-OWW-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS AS A SUCCESSIVE PETITION (Doc. 1), TO DISREGARD MOTIONS (Docs. 7, 8, 9), AND TO DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>DEADLINE FOR OBJECTIONS: THIRTY (30) DAYS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on September 28, 2009.

　　I.　Screening the Petition

　　Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."

1

Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II. Background

In the petition, Petitioner, who was sentenced to ten (10) years in prison for convictions of battery of a fellow prisoner and gassing, challenges state prison officials' having unlawfully extended his maximum term of imprisonment by altering the date of his release or parole beginning on or about April 27, 2007. (Pet. 2.)

The present petition is the second petition filed with respect to this claim. The Court may take judicial notice of

court records. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir. 1981). A review of the Court's own dockets and files shows that Petitioner has previously sought habeas relief with respect to the specific conduct of the prison authorities that is the subject of the present petition. The Court takes judicial notice of the docket in <u>Mimms v. Galaza, Warden</u>, no. 1:08-cv-0532-AWI-WMW-HC and of documents and exhibits filed in that action. In that proceeding, the Court ultimately granted the respondent's motion to dismiss and also denied the petition for writ of habeas corpus, directing a judgment for the respondent. (Order filed March 12, 2009, doc. 17, 2: 22-23.)

III.   <u>Successive Petition</u>

The Court must determine whether the petition in the present case is barred by 28 U.S.C. § 2244 as a successive petition.

A.   <u>Legal Standards</u>

Because the petition in the present case was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert.</u> <u>denied</u>, 522 U.S. 1008 (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable

3

through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2)(A)-(B).  However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244(b)(3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  In other words, a petitioner must obtain leave from the Ninth Circuit before he or she can file a second or successive petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application unless the Court of Appeals has given Petitioner leave to file the petition.  28 U.S.C. § 2244(b)(1).  This limitation has been characterized as jurisdictional.  See, United States v. Key, 205 F.3d 773, 774-75 (5th Cir. 2000); Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), cert. denied, 117 S.Ct. 794 (1997) (recognizing the limitation as one affecting the scope of the writ).

A subsequent petition is not subject to the bar of § 2244 if the original petition was not adjudicated on its merits and was

4

dismissed for failure to exhaust state remedies. Slack v. McDaniel, 529 U.S. 473, 485-86 (2000). A dismissal of a § 2254 petition because it does not state a claim for habeas relief is a dismissal on the merits for the purpose of 28 U.S.C. § 2244. Dellenbach v. Hanks, 76 F.3d 820, 822-23 (7th Cir. 1996) (distinguishing between a dismissal for failure to state a claim and a dismissal because insufficient substantiation of a claim was provided); see, Williams v. Armontrout, 855 F.2d 578, 580 (8th Cir. 1988) (dismissal for legal insufficiency, or not stating facts constituting a violation of constitutional rights as a matter of law, was held to be a decision on the merits); cf., Del Campo v. Kennedy, 491 F.Supp.2d 891, 902 (N.D.Cal. 2006) (citing Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3 (1981), and noting that historically, courts have considered a dismissal of a civil claim with prejudice for failure to state claim to be a dismissal on the merits for res judicata purposes).

      B.   The Disposition of the Previous Petition

In Mimms v. Galaza, no. 1:08-cv-0532-AWI-WMW-HC, the motion to dismiss was granted because the petition failed to state a claim for habeas relief, and the petition was denied for Petitioner's procedural default of failing to exhaust administrative remedies. The respondent had moved to dismiss for failure to state a claim and to exhaust state remedies and procedural default. (Mot. to Dismiss, doc. 10, 3-5.) The Magistrate Judge had recommended dismissal because of failure to state a claim. (Doc. 13, filed January 12, 2009.) In the dispositive order, the Court adopted the Magistrate Judge's findings and recommendations in full. (Doc. 17, 2). The Court

5

1  further concluded that Petitioner had procedurally defaulted on
2  his claim in the California Supreme Court because that court
3  denied Petitioner's habeas petition with a citation to In re
4  Dexter, 25 Cal.3d 921 (1979), which holds that a litigant is not
5  entitled to judicial relief unless he or she has exhausted
6  available administrative remedies.  (Id.)

7  In summary, in the previous action, this Court considered
8  Petitioner's claim that his confinement was unlawful and violated
9  the Constitution because his maximum release date of February 10,
10 2007, was changed to his earliest possible release date.  (No.
11 1:08-cv-0532-AWI-WMW-HC, doc. 13, 4.)  The Court adjudicated both
12 the failure of the petition to state a claim and the failure to
13 exhaust state administrative remedies.  (Id., docs. 13, 17, 18.)

14            C.   Failure to State a Claim
15 In the findings and recommendations filed in Mimms v.
16 Galaza, the Court reasoned that Petitioner had not stated
17 sufficient, specific facts to specify a constitutional or legal
18 basis for relief.  (Id., doc. 13, 4-5.)  It thus appears that the
19 initial petition was dismissed in part because of an insufficient
20 specification of facts, and not necessarily because Petitioner's
21 claim, even if factually supported, could not constitute a claim
22 warranting habeas relief.

23 Accordingly, the Court concludes that to the extent that the
24 initial petition was dismissed for failure to state a claim, it
25 was not a dismissal for legal insufficiency as a matter of law.
26 Thus, it did not constitute an adjudication on the merits that
27 would render the present petition successive and result in an
28 absence of subject matter jurisdiction in this Court.

6

D.  Failure to Exhaust Administrative Remedies

1.  Legal Standards

This Court cannot hear a federal petition for writ of habeas corpus unless the highest state court was given a full and fair opportunity to hear a claim.  28 U.S.C. § 2254(a).  The "fair presentation" requirement is not satisfied if the state's highest court does not reach the merits of a claim due to the procedural context in which it was presented.  Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).  Generally, a dismissal without prejudice for a lack of exhaustion of state remedies is not an adjudication on the merits.  See, Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that the dismissal of a prior petition for failure to exhaust state remedies was not an adjudication on the merits, and thus a later petition was not a second or successive petition).  If the petitioner fails to exhaust but may be able to exhaust in the future, the petition should be dismissed, not procedurally barred.  Castille v. Peoples, 489 U.S. 346, 351 (1989).  Where a petitioner fails to exhaust his claim properly in state court and the claim "can no longer be raised because of a failure to follow the prescribed procedure for presenting such an issue, however, the claim is procedurally barred and the petition must be denied."  Johnson v. Lewis, 929 F.2d 460, 463 (9th Cir. 1991).

2.  Petitioner's Exhaustion of Administrative Remedies

In the present petition, Petitioner alleges only that he initially filed a grievance and resubmitted a claim:

> 10.  On or about May 1, 2007, Petitioner submitted appeal (602) at Corcoran prison.  Petitioner argued that

7

>      prison officials unlawfully altered his maximum
>      term of imprisonment.
>
>      11.  On or about June 1, 2007, prison officials responded
>      to the 602 on the informal level.  In pursuant (sic)
>      to section 667(E) of the Penal Code prison officials
>      calculated Petitioner's term.  At the conclusion it was
>      determined that February 10, 2009, was Petitioner's maximum
>      term of imprisonment (see exhibit-A-calculation worksheet)
>
>      12.  On or about August 1, 2007, Petitioner
>      resubmitted the 602.  However on the first level of
>      the 602 prison officials cancel.  Prison officials
>      claimed petitioner failed to attend a hearing.

(Pet. 8.)

Petitioner then addresses exhaustion in the state courts, but he does not allege that any additional efforts were undertaken.  He alleges that he filed a habeas corpus petition in the California Supreme Court on October 17, 2007, which was denied on or about April 1, 2008, in case no. S157285.  (Pet. 9.)

Although Petitioner did not submit a copy of the California Supreme Court's order denying the petition, the Court takes judicial notice of the motion to dismiss and supporting exhibits filed by the respondent in <u>Mimms v. Galaza</u>, no. 1:08-cv-00532-AWI-WMW-HC, and specifically Doc. 10-8, page 2, consisting of a copy of the California Supreme Court docket, which reflects that in California Supreme Court case no. S157285, on April 9, 2008, the Supreme Court denied Petitioner's petition for writ of habeas corpus, which had been filed on October 17, 2007.  The notes to the denial state, "(See In re Dexter (1979) 25 Cal. 3d 921.)"

### 3.   <u>Analysis</u>

In this case, the California Supreme Court denied Petitioner's state petition with a citation to <u>In re Dexter</u>, 25 Cal.3d 921, 925 (1979), which holds that "a litigant will not be

8

afforded judicial relief unless he has exhausted available administrative remedies." Petitioner thus failed to exhaust his administrative remedies before seeking collateral review in the state courts.

Further, at the time Petitioner filed his petition, the claim could no longer be raised because of Petitioner's failure to follow the prescribed procedure of exhausting prison administrative remedies. Cal. Code Regs. tit 15, § 3084.3 sets forth possible grounds for rejection of administrative appeals in the prison context, which include bypassing informal attempts at resolution and untimeliness. Section 3084.3(c)(6) provides for rejection if "[t]ime limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints." Cal. Code Regs. tit. 15, § 3084.6 provides in pertinent part that an appellant must submit an appeal within fifteen (15) working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision.

Presenting the habeas petition to the California Supreme Court without exhausting the prison's administrative remedies essentially foreclosed any consideration of the merits of the petition. Thus, the petition was not "fairly presented" and, therefore, is barred from federal habeas review. Castille, 489 U.S. at 351; Roettgen, 33 F.3d at 38; see, Saunders v. Garrison, 2008 WL 5219876, *3 (E.D.Cal. 2008). Because Petitioner could not have timely exhausted his claims, he was precluded from curing his procedural default, and his claim can no longer be raised. This Court has already expressly denied a petition

9

raising the same claim and has adjudicated Petitioner's procedural default on the merits.

Pursuant to 28 U.S.C. § 2244(b)(1), this Court must dismiss any claim presented in a second or successive habeas corpus application under Section 2254 that was presented in a prior application unless the Court of Appeals has given Petitioner leave to file the petition. The present petition asserts the same claim as in the previous petition, and no leave to proceed has been given to Petitioner from the Court of Appeals.

Therefore, the Court concludes that the petition must be dismissed pursuant to § 2244(b)(1) as a successive petition.

Further, because the Court must dismiss the petition, the Court will not consider Petitioner's motion for summary judgment filed on October 8, 2009 (doc. 7); motion for temporary restraining order filed on February 11, 2010 (doc. 8); and motion for an evidentiary hearing filed on March 17, 2010 (doc. 9). The motions will be disregarded.

IV. <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or

1  that the issues presented were adequate to deserve encouragement
2  to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. at 336
3  (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A
4  certificate should issue if the Petitioner shows that jurists of
5  reason would find it debatable whether the petition states a
6  valid claim of the denial of a constitutional right and that
7  jurists of reason would find it debatable whether the district
8  court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>,
9  529 U.S. 473, 483-84 (2000). In determining this issue, a court
10 conducts an overview of the claims in the habeas petition,
11 generally assesses their merits, and determines whether the
12 resolution was debatable among jurists of reason or wrong.  <u>Id.</u>
13 It is necessary for an applicant to show more than an absence of
14 frivolity or the existence of mere good faith; however, it is not
15 necessary for an applicant to show that the appeal will succeed.
16 <u>Id.</u> at 338.

17     A district court must issue or deny a certificate of
18 appealability when it enters a final order adverse to the
19 applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

20     Here, it does not appear that reasonable jurists could
21 debate whether the petition should have been resolved in a
22 different manner.  Petitioner has not made a substantial showing
23 of the denial of a constitutional right.  Accordingly, the Court
24 will decline to issue a certificate of appealability.

25     V.   <u>Recommendation</u>
26     Accordingly, it is RECOMMENDED that:
27     1) The petition be DISMISSED as successive;
28     2) The Court DISREGARD Petitioner's motion for summary

1  judgment filed on October 8, 2009 (doc. 7); motion for temporary
2  restraining order filed on February 11, 2010 (doc. 8); and motion
3  for an evidentiary hearing filed on March 17, 2010 (doc. 9);
4       3) The Court DECLINE to issue a certificate of
5  appealability; and
6       4) The Clerk close this action because the dismissal will
7  terminate the action.
8       These findings and recommendations are submitted to the
9  United States District Court Judge assigned to the case, pursuant
10 to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of
11 the Local Rules of Practice for the United States District Court,
12 Eastern District of California.  Within thirty (30) days after
13 being served with a copy, any party may file written objections
14 with the Court and serve a copy on all parties. Such a document
15 should be captioned "Objections to Magistrate Judge's Findings
16 and Recommendations."  Replies to the objections shall be served
17 and filed within fourteen (14) days (plus three (3) days if
18 served by mail) after service of the objections.  The Court will
19 then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
20 636 (b)(1)(C).  The parties are advised that failure to file
21 objections within the specified time may waive the right to
22 appeal the District Court's order. Martinez v. Ylst, 951 F.2d
23 1153 (9th Cir. 1991).

25 IT IS SO ORDERED.
26 **Dated:   July 14, 2010**                    **/s/ Sheila K. Oberto**
                                       UNITED STATES MAGISTRATE JUDGE

12